```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

FRANKLIN B. ABERNATHY,         )
         Plaintiff,            )
                               )
         v.                    )    C.A. No. 10-10408-JLT
                               )
SUFFOLK COUNTY, ET AL.,        )
         Defendants.           )
```

<u>MEMORANDUM AND ORDER</u>

TAURO, D.J.

On April 8, 2010, this Court issued a Memorandum and Order (Docket No. 5) assessing Plaintiff Abernathy's ("Abernathy") filing fee obligations pursuant to the Prison Litigation Reform Act ("PLRA"), and directing Abernathy to demonstrate good cause in writing why this action should not be dismissed for the reasons stated therein, within 42 days.

In response, on May 21, 2010, Abernathy filed a pleading entitled *"Motion to Stop Assessment of Court Fees for Dismissal of Complaint by Court, And/Or In the Alternative; Allow the Plaintiff to Proceed on Personal Tort Claim Violation Where the Court Has Already Began Assessing Court Filing Fees From Plaintiff's Inmate Account"* (Docket No. 7). In brief, Abernathy seeks an Order from this Court waiving his filing fee obligations upon dismissal of this action, or an Order prohibiting the further use of funds from his prison account to satisfy his filing fee obligations. Alternatively, should this Court not grant this relief, Abernathy seeks to pursue his state tort claim in this Court, and requests this Court exercise supplemental jurisdiction over the tort claim.

He concedes that he cannot demonstrate a *bona fide* federal cause of action but claims he did not understand this until he read the Court's Memorandum and Order.  He also indicates that he understands his case should have been presented in the state court under the Massachusetts Tort Claims Act ("MTCA").

## DISCUSSION

Pursuant to the PLRA, codified, *inter alia*, in 28 U.S.C. § 1915, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997)("Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees.  Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed."); see also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 952 (D. Neb. 2001).  In other words, once a plaintiff prisoner commences a civil action, the Court may not waive a filing fee in whole or in part.  Thus, where an action is later dismissed on the merits, as here, the prisoner plaintiff still remains obligated to pay the assessed filing fee.  See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing

fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.").

The purposes of the PLRA (to prevent frivolous prisoner suits) would be undermined if this Court were to vacate the prior Order assessing the filing fee under 28 U.S.C. § 1915(b), or to otherwise stop Abernathy's filing fee obligations.  Although Abernathy relies on his *pro se* status and the fact that he is unskilled in the law as an excuse for the improvident filing in this Court, he nevertheless has engaged the resources of the Court staff by opening this case, and engaged the resources of the Court in preliminary screening the Complaint and in issuing the Memorandum and Order (Docket No. 5).  The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.  This Court cannot permit a prisoner to "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee.  Therefore, regardless of the circumstances surrounding the dismissal of this action, this Court will not vacate the Order assessing the filing fee against Abernathy, and his motion for relief from his filing fee obligations (Docket No. 7) is <u>DENIED</u>.

Next, with respect to the dismissal of this action, this Court finds that Abernathy has failed to demonstrate good cause why his

case should not be dismissed, as directed by the Memorandum and Order (Docket No. 5). Moreover, as noted above, he concedes he has no *bona fide* federal action, but seeks to pursue his state tort claim in this Court rather than to pursue state avenues for relief.

Because there is no independent basis for federal jurisdiction, this Court <u>DENIES</u> Abernathy's request to exercise supplemental jurisdiction. As noted in the prior Memorandum and Order, declination of supplemental jurisdiction over his state tort claims (including all negligence claims, claims under the MTCA, and any claims under the Massachusetts Declaration of Rights) is appropriate where there is no *bona fide* federal cause of action presented.[1] Further, as noted in the prior Memorandum and Order, Abernathy's claims under the Massachusetts Tort Claims Act may not be pursued in federal court in any event. <u>See</u> <u>Caisse v. DuBois</u>, 346 F.3d 213, 218 (1st Cir. 2003)("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."). <u>See</u> <u>also</u> <u>Rivera v. Com. of Massachusetts</u>, 16 F. Supp. 2d 84, 87 (D. Mass. 1998) ("The

---

[1] Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); <u>see</u> <u>Claudio-Gotay v. Becton Dickinson Caribe, Ltd.</u>, 375 F.3d 99, 104 (1st Cir. 2004)(citing <u>Rodriquez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").

Commonwealth has expressly exercised its prerogative to waive its sovereign immunity only insofar as claims are brought against it in its own judicial fora. '[A] State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued.' [quoting Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984)]. As a result, a state may waive its sovereign immunity against suits in state court while maintaining its sovereign immunity against the same suits in federal court."); Irwin v. Comm'r of Dep't of Youth Servs., 388 Mass. 810, 448 N.E.2d 721, 727 (1983) (answering question certified by the United States District Court for the District of Massachusetts, to the effect that jurisdiction conferred on the superior court under the MTCA (Mass. Gen. Laws ch. 258, § 3 is exclusive).

Accordingly, for the reasons set forth above, and for the reasons previously set forth in the Memorandum and Order (Docket No. 5), this action is DISMISSED in its entirety. Abernathy's state law claims are DISMISSED without prejudice to pursuing state avenues for relief. Abernathy remains obligated to pay the filing fee as previously assessed, in accordance with 28 U.S.C. § 1915(b).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's "Motion to Stop Assessment of Court Fees for Dismissal of Complaint by Court, And/Or In the Alternative; Allow the Plaintiff to Proceed on Personal Tort Claim Violation Where the Court Has Already Began Assessing Court

      Filing Fees From Plaintiff's Inmate Account" (Docket No. 7) is DENIED; and

2.    This action is DISMISSED in its entirety.

SO ORDERED.

                                      <u>/s/ Joseph L. Tauro</u>
                                      JOSEPH L. TAURO
                                      UNITED STATES DISTRICT JUDGE

DATED: June 7, 2010